*E-Filed: November 5, 2013*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KIERON SWEENEY,<br><br>                 Plaintiff,<br>     v.<br><br>CHRISTINA LAFRANCE CHRISTNER;<br>RYAN LAFRANCE,<br><br>                 Defendants._____/ | No. C13-02817 HRL<br><br>**ORDER GRANTING DEFENDANTS'<br>MOTION TO DISMISS**<br><br>[Re: Docket No. 7] |

Plaintiff Kieron Sweeney sues defendants Christina LaFrance Christner ("Christner") and Ryan LaFrance ("LaFrance") for an alleged breach of an oral agreement. Defendant Christner moves to dismiss the complaint for insufficient service of process pursuant to Fed. R. Civ. P. 12(b)(5). Both defendants move to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1). Plaintiff opposes the motion and requests judicial notice of documents for support. All parties have expressly consented that all proceedings in this matter may be heard and finally adjudicated by the undersigned. 28 U.S.C. § 636(c); Fed. R. Civ. P. 73. Upon consideration of the moving and responding papers, as well as arguments presented at the November 5, 2013 hearing, the Court grants the motion to dismiss.

## BACKGROUND

The parties are involved in a multi-level marketing company selling nutritional health products. One enters the pyramidally structured company by purchasing a "Business Center" ("BC") from a "Promoter." The purchaser of the BC is now a Promoter working under the seller,

1  who is their "Sponsor."  Each Promoter is required to sponsor at least three Promoters below them,
2  who must then sponsor three more and so on.  Promoters earn commission on their own sales and
3  the sales of Promoters they sponsor.  They also earn bonuses for achieving certain benchmarks as
4  their network grows.

5  Sweeney sold a BC to Christner and was her Sponsor.  Later, the two wanted Christner to
6  take over a different BC Sweeney promoted (the "Robinson BC") in the hopes of earning them both
7  more money, and they agreed that Christner would sell her current BC and purchase the Robinson
8  BC.  However, as it is against company policy to own multiple BCs, or to purchase a new BC after
9  having owned one in the past year, defendant LaFrance (Christner's brother) was to hold the BC in
10 trust for Christner.  Pursuant to this oral agreement, Christner was to manage the BC using her best
11 efforts and achieve certain benchmarks.  Sweeney alleges that Christner breached the agreement by
12 ceasing to actively promote and manage the BC, causing him to lose out on his expected
13 commission and bonuses.

## DISCUSSION

### A. Insufficient Service of Process

Federal courts cannot exercise personal jurisdiction over a defendant without proper service of process.  *Omni Capital Int'l, Ltd. v. Wolff & Co.*, 484 U.S. 97, 104 (1987).  Insufficient service can result in dismissal.  Fed. R. Civ. P. 12(b)(5).  "Once service is challenged, plaintiffs bear the burden of establishing that service was valid under Rule 4."  *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004).  "A signed return of service constitutes prima facie evidence of valid service which can be overcome only by strong and convincing evidence."  *S.E.C. v. Internet Solutions for Business, Inc.*, 509 F.3d 1161, 1166 (9th Cir. 2007).

Rule 4(e) provides that "an individual . . . may be served in a judicial district of the United States by . . . leaving a copy of [the summons and complaint] at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there."  Here, the registered process server's signed proof of service indicates that Christina Christner was served with the summons and complaint by leaving the documents at her dwelling house or usual placed of abode

2

with co-occupant "John Doe" at 9:33 PM on July 14, 2013. Certificate of Service, Dkt. 5, at 2.[1] John Doe is described as a white male, age 35, brown hair and eyes, 5'9" tall, weighing 175 pounds. *Id.* The process server's description of service fully complies with Rule 4(e) and constitutes prima facie evidence of valid service.

Defendant Christner challenges the service on the basis that no person matching the description given by the process server resides at the premises; her husband, who does reside there, had short hair dyed orange at the time. However, the fact that Mr. Christner has orange hair, not brown hair as described by the process server, does not constitute "strong and convincing evidence," particularly since defendant does not deny that he fits the description in every other way. Moreover, even assuming that the adult with whom the server left the documents was not actually a "co-occupant" and "member of the household" as reported by the process server, that would not defeat the sufficiency of the service. *See Limon-Hernandez v. Lumbreras*, 171 F.R.D. 271, 273 (D. Or. 1997) ("Even if the court assumes that the man . . . served who identified himself as [defendant] was not [defendant], the plaintiffs have complied with Rule 4(e)(2) by leaving a copy of the summons and first amended complaint with an adult male who was inside of the [defendant's] residence.")

Because Christner does not provide strong and convincing evidence sufficient to overcome the presumption of validity of the signed proof of service, the complaint is not dismissed as against her for insufficient service of process.

B. Subject Matter Jurisdiction

Plaintiff's complaint alleges that this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(2), which provides that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of a State and citizens or subjects of a foreign state." Both defendants move to dismiss for lack of subject matter jurisdiction because the complaint does not adequately allege diversity of citizenship and the amount in controversy does not exceed $75,000.

1. Diversity of Citizenship

---

[1] Plaintiff requests judicial notice of the Certificate of Service. However, as part of the record, it is already properly before the Court in determining the sufficiency of service. Additionally, the Court did not consider the other documents in plaintiff's request. Accordingly, the request for judicial notice is denied as moot.

3

"[I]n a diversity action, the plaintiff must state all parties' citizenships such that the existence of complete diversity can be confirmed." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2000) (alteration in original) (quoting *Whitmire v. Victus Ltd. t/a Master Design Furniture*, 212 F.3d 885, 887 (5th Cir. 2000). "[T]he diversity statute . . . speaks of citizenship, not residency." *Id.* "[I]t has long been settled that residence and citizenship were wholly different things . . . and that a mere averment of residence in a particular state is not an averment of citizenship in that state for the purposes of jurisdiction." Steigleder v. McQuesten, 198 U.S. 141, 143 (1905).

Here, the complaint alleges that Sweeney *resides* in Kelowna, British Columbia, Canada; Christner *resides* in San Jose, Santa Clara County California; and LaFrance *resides* in Fukuoka, Kyushu, Japan. Complaint, dkt. 1, at ¶¶ 1-3. It also alleges that "this is an action between citizens of California and citizens or subjects of a foreign state." *Id.* at ¶4. However, the complaint does not expressly state each parties' citizenships such that complete diversity can be determined. Accordingly, the complaint is dismissed with leave to amend.

2. Amount in Controversy

"Generally, the amount in controversy is determined from the face of the pleadings. The sum claimed by the plaintiff controls so long as the claim is made in good faith. To justify dismissal, it must appear to a legal certainty that the claim is really for less than the jurisdictional amount." *Crum v. Circus Circus Enterprises*, 231 F.3d 1129, 1131 (9th Cir. 2000) (citations omitted) (internal quotation marks omitted).

Here, the complaint expressly states that "the amount in controversy exceeds $75,000." Complaint at ¶ 4. It also alleges, "Had Christner reasonably managed Robinson's BC, as she was required to do under the Agreement, Sweeney stood to receive a $250,000 bonus and an increase of monthly commissions of up to $50,000 due to his role as a Sponsor of the BC and his expected consummate rank as 5 star Ambassador." Complaint at ¶ 23. It does not appear that these figures are made up of whole cloth, as the complaint describes in some detail the structure of the company and the progressive system for awarding bonuses. Although the defendants may argue that it is speculative to assume that Sweeney would have earned these bonuses or that defendants should not be held liable for these damages, it does not appear to a legal certainty that the claim is really for

4

less than the jurisdictional amount. Accordingly, plaintiff adequately alleged the amount in controversy, and the complaint is not dismissed for lack of subject matter jurisdiction on that ground.

## CONCLUSION

For the foregoing reasons, plaintiff's complaint is dismissed with leave to amend. Plaintiff may file an amended complaint within 14 days of the date of this order. Plaintiff shall not add any new claims or defendants without permission from the Court.

**IT IS SO ORDERED.**

Dated: November 5, 2013

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

**C13-02817 HRL Notice will be electronically mailed to:**

Harmeet K. Dhillon     harmeet@dhillonsmith.com, kshoquist@dhillonsmith.com

Nitoj Paul Singh     nsingh@dhillonsmith.com

Phillip Brooks Rose     phillip@pbrlegal.com

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**